UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANTONIO REYES GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY S. ROBBINS, Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Dep't of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and CHRISTOPHER CHESTNUT, Warden of California City Corrections Center,<br><br>Respondents. | Case No. 1:26-cv-0772 KES SKO (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, TERMINATING THE MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT, AND DIRECTING RESPONDENTS TO PROVIDE AN INDIVIDUALIZED BOND HEARING<br><br>ORDER DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF PETITIONER<br><br>Docs. 1, 2. |

Miguel Antonio Reyes Gonzalez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. Petitioner asserts that he is a member of the "Bond Eligible Class" certified in *Maldonado Bautista v. Santacruz*, Case No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025), and requests that the court order Respondents to release him or provide a bond hearing. *Id.* For the reasons set forth below, the petition is **GRANTED**. Because the Court grants the requested habeas relief by ordering a bond hearing, the motion for a temporary restraining order is terminated as moot.

1

## I.    BACKGROUND

Petitioner is a citizen of El Salvador. Doc. 1 at 6, ¶ 19. He "entered the United States without inspection over 12 years ago" and "was not apprehended upon arrival." *Id.* at 3, ¶ 5(a), (b). Petitioner has "resided continuously in the United States" since 2013. *Id.* at 6, ¶ 19. He "does not have lawful status in the United States." *Id.*

On December 30, 2025, immigration authorities detained Petitioner in Lamont, California. Doc. 1 at 6, ¶ 19. The Department of Homeland Security ("DHS") placed Petitioner "in removal proceedings pursuant to 8 U.S.C. § 1229a," charging him with "being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without inspection." *Id.* at 3, ¶ 6. Petitioner now is in the physical custody of the respondents and detained in the California City Corrections Center. *Id.* at 4, ¶ 12. No bond hearing was set following Petitioner's detention. *Id.* at 6, ¶ 19. Petitioner reports that he did not request a bond review by an immigration judge "because[,] based on current practice, he will be denied bond…." *Id.*

On January 29, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 2. Petitioner raises a single claim in his petition for a violation of the Immigration and Nationality Act ("INA"). Doc. 1 at 8. He contends that he is a member of the certified class entitled to consideration for release on bond in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-1873 SSS BFM (C.D. Cal. 2025). *Id.*, ¶¶ 27-31; *see also* Doc. 2 at 8-10. Petitioner requests that the court issue a writ of habeas corpus requiring his release "unless [Respondents] provide a bond hearing under 8 U.S.C. § 1226(a) within seven days." *Id.* at 9.

On February 3, 2026, Respondents filed a response to the petition, asserting Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(a) and the petition should be dismissed because he failed to exhaust administrative remedies. Doc. 9 at 1-3. Respondents filed an amended response on February 4, 2026, reporting "counsel was originally advised the detention authority was 8 U.S.C. § 1226(a), but [has] since learned that it was 8 U.S.C. § 1225(b)(2)." Doc. 10 at 1 (cleaned up). Respondents contend that because Petitioner entered the United States without authorization, he is "an applicant for admission who is subject to mandatory detention by

2

ICE under 8 U.S.C. § 1225(b)(2)." *Id.* (citation omitted). Respondents argue that Petitioner is not entitled to a bond hearing or injunctive relief "for the reasons set forth in *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025) … as well as cases such as *Valencia v. Chestnut*, No. 25-cv-01550, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, No. 25-cv-01519, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Altamirano Ramos v. Lyons*, No. 25-cv-09785, 2025 WL 3199872, at *4 (C.D. Cal. Nov. 12, 2025)." *Id.* at 2.[1]

On February 5, 2026, Petitioner filed a reply in support of the petition and motion for temporary restraining order. Doc. 11. Petitioner maintains the court should find that he is eligible for a bond hearing, as he is part of the class in *Maldonado Bautista*. *See generally id.* at 2-6. Petitioner does not request a hearing on the pending matters and indicates he "does not intend to file any additional briefing." Doc. 11 at 2. Respondents also indicate they do not intend to file further briefing on the matter, and they do not oppose the court directly addressing the merits of the petition in the interest of judicial economy. Doc. 10 at 2.

## II.    LEGAL STANDARDS

The Constitution guarantees that "the writ of habeas corpus [is] available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).

A writ of habeas corpus is a critical check upon the executive power, ensuring that individuals are not detained "except in accordance with law." *Hamdi*, 542 U.S. at 525 (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). The "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The district court

---

[1] Initially, Respondents argued that Petitioner was required to request a bond hearing prior to filing his petition and that the matter should be dismissed for failure to exhaust that remedy. *See* Doc. 9 at 1-3. In the amended return and opposition, Respondents do not renew this argument or request dismissal. Respondents instead argue the petition and injunctive relief should be denied because Petitioner is subject to mandatory detention and is ineligible for a bond hearing. *See* Doc. 10 at 1-2. Thus, Respondents' prior arguments concerning exhaustion and the request for dismissal are deemed withdrawn.

has jurisdiction over challenges to immigration-related detention—such as those made by Petitioner—pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)).

### III.   CLASS JUDGMENT IN *MALDONADO BAUTISTA*

In *Maldonado Bautista*, the petitioners—detained noncitizens—sought class relief and challenged the "Interim Guidance Regarding Detention Authority for Applicants for Admission" issued on July 8, 2025 by DHS. Under the challenged DHS Policy, DHS considered anyone arrested in the United States and charged with being inadmissible to be an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). The petitioners were each denied bond hearings and remained detained pursuant to the identified policy. *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-1873-SSS-BFM, 2025 WL 3289861, at *1-2 (C.D. Cal. Nov. 20, 2025). The petitioners moved for partial summary judgment, which the court granted; the court declared the DHS policy unlawful under the INA. *Maldonado Bautista*, 2025 WL 3289861, at *5-11.

The *Maldonado Bautista* petitioners moved for class certification, seeking declaratory relief that they were entitled to bond hearings. The court found certification was appropriate under Rule 23 of the Federal Rules of Civil Procedure, and certified a "Bond Eligible Class" defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista v. Santacruz*, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). The court entered final judgment in favor of the petitioners and declared that "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista v. Santacruz*, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). The court also held that the Bond Eligible Class members "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Id.*

The government has appealed the judgment to the Ninth Circuit, *see Maldonado Bautista v. U.S. Dep't of Homeland Security*, Case No. 25-7958, but the judgment has not been stayed pending appeal.

## IV. DISCUSSION AND ANALYSIS

### A. Applicable Detention Authority

The parties dispute whether Petitioner is subject to detainment under § 1225(b) or 1226(a). This court and numerous others in the Ninth Circuit have determined that, based upon a plain reading of the statutes, § 1226(a) applies to individuals—such as Petitioner—who have been residing in this country but who have not been admitted or paroled. *See, e.g., Gutierrez v. Chesnut*, No. 1:25-cv-1515 DAD AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*, No. 25-cv-2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4, 2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-cv-02771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission").[2] Contrary to Respondents' assertion, Petitioner is subject to

---

[2] Respondents "acknowledge that the weight of authority is not in their favor" related to the applicability of mandatory detention. *See* Doc. 10 at 2. *See, e.g., Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782 (E.D. Mich. 2025) ("Put simply, Section 1225 applies to noncitizens arriving to the country and Section 1226 governs detention of noncitizens already in the country") (cleaned up); *Benitez v. Frances*, 795 F.Supp.3d 475, 490 (S.D.N.Y. 2025) (rejecting an expansion of § 1225(b)(2) to include mandatory detention for "anyone who has entered the country unlawfully regardless of how long they have resided here"); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 975 (D. Minn. 2025) ("Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be 'arriving' under section 1225(b)"); *Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *5 (D. Mass. Dec. 19, 2025) (agreeing that "§ 1225(b)(2)(A) only authorizes the detention of noncitizens arriving at a port of entry or crossing the border and does not apply to noncitizens who entered the United States without inspection and are later apprehended while residing in the country"); *see also Brandon Y. M. v. Andrews*, Case No. 1:25-cv-01962-SKO, 2026 WL 12524, at *2, n.4 (E.D. Cal. Jan. 16, 2026) (collecting cases).

Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have resided in the United States without having been admitted. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that

§ 1226(a) and is not subject to mandatory detention under § 1225(b)(2).

### B. Membership in the "Bond Eligible Class"

Petitioner reports that he is a citizen of El Salvador and "does not have lawful status in the United States." Doc. 1 at 6, ¶ 19; *id.* at 3, ¶ 5(a). He entered the country "without inspection over 12 years ago and was not apprehended on arrival." *Id.* at 3, ¶ 5(b). In addition, Petitioner is not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *Id.*, ¶ 5(c). Based upon these undisputed assertions, the court agrees with Petitioner that he is a member of the Bond Eligible Class and entitled to a bond hearing. *See Maldonado Bautista*, 2025 WL 3288403, at *9; *Maldonado Bautista*, 2025 WL 3678485, at *1. Moreover, Respondents do not dispute Petitioner's membership in the defined Bond Eligible Class. *See generally* Doc. 10.

Consistent with the judgment entered in favor of the Bond Eligible Class in *Maldonado Bautista*, the court finds Petitioner is entitled to a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). *Maldonado Bautista*, 2025 WL 3678485, at *1.

### V. CONCLUSION AND ORDER

For the reasons set forth above, the court **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**.
2. The motion for temporary restraining order (Doc. 2) is terminated as **MOOT**.
3. Respondents are **ORDERED** to provide Petitioner, within seven (7) days, an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).
4. In the event Respondents do not provide Petitioner with a bond hearing within the allotted time, Respondents **SHALL** release Petitioner forthwith.
5. Respondents **SHALL** file a notice with the court within ten (10) days certifying compliance with this order and setting out the date and outcome of any bond

---

government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)). The Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more persuasive on the statutory interpretation issue.

          hearing or, in the alternative, the date of Petitioner's release.

    6.    The Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondents.

Following the filing of Respondents' notice, the Court may direct the Clerk of Court to close the case.

IT IS SO ORDERED.

    Dated:   February 18, 2026                                _____
                                                                     UNITED STATES DISTRICT JUDGE