**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL ANTONIO REYES GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY S. ROBBINS, Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Dep't of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and CHRISTOPHER CHESTNUT, Warden of California City Corrections Center,<br><br>Respondents. | Case No. 1:26-cv-0772 KES SKO (HC)<br><br>ORDER ON REQUEST TO RETAIN JURISDICTION<br><br>Doc. 15 |

Miguel Antonio Reyes Gonzalez is an immigration detainee who brought a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging he was detained in violation of the Immigration and Nationality Act because he had been denied a bond hearing under 8 U.S.C. § 1226(a). Docs. 1, 2. The court granted the petition on February 19, 2026 and ordered respondents "to provide Petitioner, within seven (7) days, an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." Doc. 12 at 6. The Court also directed respondents to "file a notice with the court within ten (10) days certifying compliance with [the]

1

order and setting out the date and outcome of any bond hearing . . . ." *Id.* at 6-7.  The court entered judgment in favor of petitioner on February 19, 2026.  Doc. 13; Doc. 12 at 7.

Respondents subsequently filed a status report indicating that "[p]etitioner was provided a bond hearing on February 25, 2026, whereby bond was denied by the Immigration Judge."  Doc. 14 at 1; *see also id.* at 3-4.  Petitioner filed a response asserting that the bond hearing in the immigration court failed to comply with due process by failing to require the government to show by clear and convincing evidence that his detention was warranted.  *See* Doc. 15 at 4; *see also id.* at 2-8.  Petitioner asserts, incorrectly, that this Court's prior order was based on constitutional grounds.  Petitioner is incorrect because he did not assert a constitutional argument in his underlying petition, and this Court's ruling was based on petitioner's statutory right to a § 1226(a) bond hearing.  Petitioner now argues that his continued detention violates due process and requests that the court "retain jurisdiction" to provide relief related to the immigration judge's bond hearing determination.  *Id.* at 8.

In his habeas petition in this case, petitioner requested that he be provided with a bond hearing pursuant to § 1226(a).  The Court granted the petition, ordered the relief sought by petitioner—a § 1226(a) bond hearing—and entered judgment for petitioner.  In compliance with this Court's order, the government held such a bond hearing in the immigration court, and an immigration judge denied petitioner bond.  Petitioner does not dispute that he received a hearing that complied with the requirements of § 1226(a).  Rather, he now alleges that his § 1226(a) bond hearing was constitutionally deficient because due process required the government to bear the burden at the hearing to show by clear and convincing evidence that his further detention was warranted.  Petitioner did not allege this claim in his underlying petition and it is not a basis to reopen this closed case.  *See, e.g., Herrera-Moreno v. Unknown Party*, 2026 WL 89602, at *3 (W.D. Mich. Jan. 13, 2026) (where court granted petition for writ of habeas corpus and ordered bond hearing, and petitioner subsequently argued that bond hearing was constitutionally deficient, petitioner's asserted constitutional injury was a "new one" that required filing of new petition).

///

///

2

The Court **ORDERS**:

1.    Petitioner's request for the Court to retain jurisdiction in this closed case to consider petitioner's new claim is **DENIED**.

2.    If Petitioner elects to file a new petition, he **SHALL** concurrently file a notice of related cases, identifying this case number as a related case.

IT IS SO ORDERED.

Dated:    April 3, 2026

_____
UNITED STATES DISTRICT JUDGE

3